UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60238-CIV-COHN/SELTZER

EDWARD GOLDIN,

    Plaintiff,

vs.

MURPHY'S LAW HOLLYWOOD, LLC.,
d/b/a MURPHY'S LAW IRISH PUB and
MURPHY'S LAW BAR & GRILL,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for an Order in Response to Defendant's Refusal to Comply with Rule 26(a) Disclosures and this Court's Previous Order (DE 25), Defendant's Memorandum in Opposition to the Motion (DE 27), and Plaintiff's Reply thereto (DE 28). On August 10, 2009, the Court conducted a hearing on the Motion. The Motion is now ripe for decision. The Court being sufficiently advised, it is hereby ORDERED that Plaintiff's Motion is GRANTED in part and DENIED in part as set forth below.

## BACKGROUND

This is a negligence action in which Plaintiff alleges that after he was attacked by a patron at Defendant's establishment, Defendant's security personnel physically hoisted him up and threw him onto the sidewalk. He additionally alleges that he suffered serious and permanent injuries, including a fracture of his ankle, which required surgery. The

discovery deadline (August 21, 2009) has passed, and the case is set for trial during the two-week period commencing November 16, 2009.

On April 13, 2009, Defendant served on Plaintiff its Rule 26(a) Initial Disclosures (DE 7). For four of the witnesses identified, Defendant listed their address as that of Defendant's counsel; for two other witnesses, Defendant stated that their addresses were "to be provided." Additionally, Defendant identified four categories of documents and agreed to make these documents available for inspection and copying. Plaintiff's counsel contacted Defendant's counsel by letter twice in May 2009, requesting the addresses for these witnesses and copies of the documents. Three weeks after Plaintiff's first letter, Defendant's counsel responded (by letter) that the "obvious implication" of his failure to provide the witnesses' addresses was the "Anti-Contact Rule"; he again refused to provide the addresses and informed Plaintiff's counsel that he was not to contact these individuals. Defendant's counsel also informed Plaintiff's counsel that Plaintiff already had copies of his own medical records, that the photocopies of 21 photographs was poor but he would furnish laser copies, and that Plaintiff was equally able to obtain the Seminole Police Investigation Report and Broward County misdemeanor records. After again unsuccessfully requesting the information, on June 11, 2009, Plaintiff filed a Motion for an Order Compelling Appropriate Rule 26(a) Disclosures (DE 20); Defendant failed to respond to the Motion by the due date.

On July 2, 2009, this Court entered an order (DE 22) granting Plaintiff's Motion to Compel. That Order required that on or before July 10, 2009, Defendant was to provide to Plaintiff the last known address and telephone number of each witness identified in its

Rule 26(a) disclosures.  And for each witness, Defendant was to identify whether the witness is a current or former employee and whether the witness is an officer or director of the defendant company; if the witness were a current employee, Defendant was to identify the employee's position.  The Order also required Defendant to make the documents identified in its Initial Disclosures available for inspection and copying or to produce copies by that same date.

PLAINTIFF'S MOTION

On August 5, 2009, Plaintiff filed the instant Motion for an Order in Response to Defendant's Refusal to Comply with Rule 26(a) Disclosures and this Court's Previous Order (DE 25), arguing that Defendant has failed to provide the discovery as required by the Court's July 2, 2009 Order.  Plaintiff additionally argues Defendant's failure to provide the required discovery has thwarted its ability to adequately investigate Defendant's defenses.  Plaintiff, therefore, requests that the Court enter a default judgment against Defendant or, alternatively, to order Defendant to comply with the Court's July 2, 2009 Order.

Defendant did make some attempt to comply with the Court's Order; before the July 10 due date, it faxed to Plaintiff a printed list of employees, which included each employee's address, hourly rate, birthdate, gender, date of hire, date of "Term," and partial social security number.  Although the majority of employees on the list were not identified as witnesses in Defendant's Initial Disclosures, the four employees whose addresses were

previously provided as Defendant's counsel's address were included on that list.[1] The list, however, did not identify the current employees' positions or their managerial status (as officers or directors of the corporate defendant), as required by the Court's July 2, 2009 Order.

Additionally, in its Initial Disclosures, Defendant identified an individual known as "Michael" (no last name given). According to Plaintiff, Defendant has still not identified the last name of this individual nor provided his address.[2] Plaintiff also represents that Defendant has not provided an address for Raul Vega (later identified as Raul Gonzalez), the employee allegedly involved in the altercation with Plaintiff. At the August 10, 2009 hearing, Defendant's controller, Anna Winston, testified that Defendant does not know and has never known this individual's address; she added that the night of the subject incident was his first and last night of employment.[3] Because Vega's whereabouts is unknown and because he is allegedly the only "eyewitness" to the subject incident, at the hearing, Plaintiff made an *ore tenus* motion to exclude any "eyewitness" that might later be identified. In response, Defendant's counsel stipulated that he will not be producing any witness with personal knowledge of the altercation with Plaintiff. The Court accepts that stipulation, but declines to enter an order of preclusion at this time. If Defendant were to

---

[1] The list did not include the employees' phone numbers. According to Defendant, it does not keep records of telephone numbers.

[2] Defendant's Initial Disclosures also listed "Rodriquo" (no last name) as a witness. No other identifying information was given. However, "Rodriquo" later testified as Defendant's corporate representative.

[3] Defendant's position is that Vega was off-duty at the time of the altercation with Plaintiff.

4

later produce such a witness, Plaintiff can then formally move for an order of preclusion.

The Court, however, will require Defendant to specifically identify those employees listed in its Initial Disclosures who are current employees and to specifically identify their position; it shall also indicate whether the witness is an officer or director of the corporate defendant.  In addition, Defendant shall provide the last name of "Michael" (listed in its Intial Disclosures), as well as his address and contact information, if known.  Defendant shall provide this information on or before September 15, 2009.

Plaintiff also contends that Defendant has failed to produce the Seminole Police Department Investigative Report and the photographs identified in its Initial Disclosures, as ordered by the Court.  Defendant's counsel explained that neither he nor his client has ever had a copy of the Seminole Police Investigative Report and that he had provided the number of the report so that Plaintiff's counsel could obtain it. With respect to the photographs, Defendant's counsel represented that they were not taken on the night of the subject incident, but rather were taken by an investigator weeks or months later.  According to counsel, Defendant possesses only very dark photocopies of the photographs.  Defendant's counsel further stated that he did not know if he would be using them for any purpose.  Notwithstanding Defendant's counsel's representations, in its July 2, 2009 Order, this Court required Defendant to produce these documents.  At the August 10, 2009, Defendant's counsel did agree to produce the investigative report and the photocopies of the photographs.  If Defendant has not yet done so, it shall produce these documents to Plaintiff on or before September 15, 2009.

As sanctions for Plaintiff's failure to fully comply with the Court's July 2, 2009 Order,

5

Plaintiff asks the Court to enter a default judgment against Defendant. Federal Rule of Civil Procedure 37(b)(2) authorizes a court to award sanctions against a party for failing to obey a court order to provide discovery; such sanctions include the entry of a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(vi). Because the entry of a default judgment is a severe penalty, the Eleventh Circuit has held that the imposition of such a sanction requires "a willful or bad faith failure to obey a discovery order." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993); see also United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997) ("We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'") (emphasis in original) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1371 (11th Cir. 1997) (Rule 37 sanctions of striking pleadings and entering default judgment requires a finding that "'noncompliance' with the compel order was intentional or in bad faith"). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default. . . ." Malautea, 987 F.2d at 1542. Moreover, "the severe sanction of a . . . default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's order." Id.

Although the Court does not condone Defendant's failure to comply fully with the Court's July 2, 2009 Order, it cannot conclude under the circumstances here that the severe sanction of a default judgment is warranted. Defendant did make an attempt to

6

comply with the Court's July 2, 2009 Order, albeit an incomplete attempt. However, in addition to non-monetary sanctions, such as a default judgment, Rule 37(b)(2)(C) also provides for monetary sanctions:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a Court Order], unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The Court does not find that Defendant's failure to fully comply with the Court's July 2, 2009 Order substantially justified nor does it find that an award of fees would be unjust. Accordingly, it is hereby ORDERED that within 30 days of the date of this Order, Defendant shall pay to Plaintiff the sum of $200 to help defray the attorney's fees incurred in bringing the motion for sanctions.

DONE AND ORDERED in Fort Lauderdale, Florida, this 4th day of September 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record