IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60238-CIV-COHN/SELTZER

EDWARD GOLDIN,

    Plaintiff,

vs.

MURPHY'S LAW HOLLYWOOD d/b/a
MURPHY'S LAW IRISH PUB and
MURPHY'S LAW BAR & GRILL,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration [DE 107]. The Court has considered the Motion, the record in this case and is otherwise advised in the premises.

The Motion asks this Court to reconsider its December 4, 2009 Order Denying Plaintiff's Motion for Issuance of Order to Show Cause [DE 106]. Plaintiff's Motion for Issuance of Order to Show Cause requests that this Court "adjudicate the claimed lien upon the settlement proceeds of this case by Ronald A. Smith, Esq., an attorney in Philadelphia." DE 105 at 1. The Motion explains that in March of 2007, Plaintiff retained Mr. Smith in connection with this action. "[F]or the next 15 months, [Mr. Smith] did nothing besides send out demand letters and some forms requesting copies of plaintiff's medical records. Smith commenced no action in all that time" Id. Plaintiff ultimately terminated Mr. Smith. Plaintiff then retained the Berkman Law Office, LLC and Isaac Jaroslwicz, Esq., who filed the Complaint in this action and prosecuted the

case through its conclusion.

The propriety of this Court adjudicating the lien dispute turns on whether the Court decides to exercise ancillary jurisdiction over the matter. There is a four-factor test for district courts to determine whether to exercise ancillary jurisdiction, which includes the following elements: (1) an ancillary matter should arise from the transaction that was the basis of the principal proceeding, during the course of the principal proceedings, or as an integral part of the main proceeding; (2) the federal court should be able to determine the matter without a substantial new fact-finding proceeding; (3) failing to determine the matter should not deprive a party of any important procedural or substantive right; and (4) the matter should be decided if necessary to protect the integrity of the principal proceeding or insure that its disposition is not frustrated. Jenkins v. Weinshienk, 670 F.2d 915, 918 (10th Cir. 1982); Hogben v. Wyndham Intern., Inc., 2007 WL 2225970, at *5 (S.D. Fla. Aug. 1, 2007).

The Court will grant Plaintiff's Motion for Reconsideration. The matter involving the lien "arises" from the principal proceeding and can be determined without "substantial" new fact-finding. Jenkins, 670 F.2d at 918. Further, the fact that Defendant will include Mr. Smith's name on the settlement check satisfies the third and fourth factors. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [DE 107] is **GRANTED**. The Court will separately enter an Order to Show Cause.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida this 18th day of December, 2009.

JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF