IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60238-CIV-COHN/SELTZER

EDWARD GOLDIN,

    Plaintiff,

vs.

MURPHY'S LAW HOLLYWOOD d/b/a
MURPHY'S LAW IRISH PUB and
MURPHY'S LAW BAR & GRILL,

    Defendant.
_____/

## ORDER REGARDING CLAIMED LIEN BY FORMER ATTORNEY RONALD A. SMITH

**THIS CAUSE** is before the Court on Court's prior Order to Show Cause regarding Adjudication of Claimed Lien by Attorney Ronald A. Smith [DE 109]. The Court has considered the responses thereto, the record in this case and is otherwise advised in the premises.

### I. BACKGROUND

On November 18, 2009, this action settled for $125,000 in open Court at the conclusion of trial. Thereafter, the case was dismissed with prejudice and the Clerk of Court was directed to close the matter. On November 29, 2009, Plaintiff filed the instant Motion requesting this Court to "adjudicate the claimed lien upon the settlement proceeds of this case by Ronald A. Smith, Esq., an attorney in Philadelphia." DE 105 at 1.

The Motion explains that in March of 2007, Plaintiff retained Mr. Smith in connection with this action. "[F]or the next 15 months, [Mr. Smith] did nothing besides

send out demand letters and some forms requesting copies of Plaintiff's medical records. Smith commenced no action in all that time" Id. Plaintiff ultimately terminated Mr. Smith. Plaintiff then retained the Berkman Law Office, LLC and Isaac Jaroslwicz, Esq., who filed the Complaint in this action and prosecuted the case through trial.

On December 18, 2009, the Court entered an Order to Show Cause requiring Mr. Smith to establish (1) the amount of any lien claimed upon the settlement proceeds in this case, and (2) the basis for his entitlement to the claimed lien.

Mr. Smith filed a Response to the Order to Show Cause wherein he makes the following argument:

> I was retained by [Plaintiff] as indicated in March of 2007 and for the following time period in excess of one year handled [Plaintiff's] case in both a professional, competent and timely manner. I commenced no action in this matter, since I was an out-of-state attorney and would try to resolve this matter initially and, in the event that such attempt fell through, I would refer the matter out to local counsel as [Plaintiff's] new attorney has done.[1]

Smith's Response attaches a number of letters he drafted and documents he obtained in connection with the matter. In addition, Mr. Smith submitted a timesheet that represents the amount of hours Smith believes he incurred on Plaintiff's case. Smith acknowledges that such a timesheet "is not typical in a contingent fee case" and, therefore, the exhibit "reflects to the best of [Smith's] recollection and belief the time [expended], although [Mr. Smith] believes that he expended in excess of the time indicated." Mr. Smith states that "he is entitled to a fair and reasonable amount under theories of quantum merit and unjust enrichment."

---

[1] Quotes from Mr. Smith's Response [DE 112] are not followed by citations because the document does not include page numbers.

2

Plaintiff filed a Reply arguing that if Mr. Smith is entitled to anything at all, it should be "little more than a token fee, perhaps a few hundred dollars." DE 114 at 5. Plaintiff argues that Mr. Smith was terminated for cause based on the fact that "Mr. Smith attempted to settle this matter with an insurance adjuster for the absurd sum of $12,500 – without consulting with the Plaintiff Mr. Goldin in advance . . . ." Id. at 1. Mr. Smith contends that he "presented an offer, release and a draft for [Plaintiff's] review and acceptance or rejection. [Mr. Smith] presented the offer from the Defendant insurance carrier, as he would present any and all others, no matter how great or small the sum." Plaintiff also argues that (1) Mr. Smith's work was negligible compared to the work done by Plaintiff's subsequent counsel, (2) Mr. Smith failed to submit a retainer agreement, (3) Smith's timesheet is unreliable, (4) most of Mr. Smith's work consisted of form letters sent out by his secretary, and (5) Mr. Smith's response should be dismissed as untimely.

## II. ANALYSIS

Plaintiff cites case law for the proposition that "an attorney is entitled to no compensation [whatsoever], if he is discharged because of his own wrongful acts." Lampl v. Latkanich, 210 Pa. Super. 83, 91 (Pa. Super. Ct. 1967). Plaintiff submits a declaration stating that Mr. Smith settled the case without his knowledge and permission whereas Mr. Smith declares that he was merely conveying an offer. Plaintiff has presented no contemporaneous documents to establish that Mr. Smith was terminated for "wrongful acts." Id. Therefore, the Court finds that the record does not establish that Mr. Smith was fired for cause.

Plaintiff also claims that he was harmed by Mr. Smith's actions. "It should be

noted that when Plaintiff later attempted to settle this case, the Defendant was not willing to discuss larger numbers because, defense counsel said, the Plaintiff had previously demanded $12,500. Thus, Mr. Smith's absurd settlement effort poisoned the possibility of settling this case, thereby requiring a full trial and expenditure of $20,000 of expenses." DE 114 at 3.

The Court finds that the $125,000 settlement Plaintiff ultimately obtained is a very good result in consideration of the medical costs in this action. That result is largely due to Norman Steiner's outstanding trial performance which resulted in an excellent verdict of $400,000. A settlement of $125,000 would likely not have been available under any circumstances prior to the trial. Accordingly, Plaintiff has failed to establish that he was harmed by Mr. Smith's efforts during the initial stages of the case.

That said, Mr. Smith should not share in the award based on its amount, which resulted from the work of Plaintiff's current counsel. Mr. Smith should, however, be compensated for his work that was reasonable and necessary to the case. "'When a client terminates the relationship the original attorney can recover reasonable compensation up to the time he was discharged.'" Elliott Reihner Siedzikowski & Egan, P.C. v. Pa. Emples.Benefit Trust Fund, 161 F. Supp. 2d 413, 422 (E.D. Pa. 2001) (quoting Novinger v. E.I. DuPont de Nemours & Co., 809 F.2d 212, 218 (3d Cir. 1987)).

Here, Mr. Smith submitted a timesheet indicating that he spent 16.1 hours on Plaintiff's case, and based on his hourly rate of $175 per hour, Mr. Smith represents that he is owed $2,817.50. Plaintiff argues that the timesheet is unreliable and takes issue with certain entries such as time Smith spent talking with an insurance department. Plaintiff also points out that Smith has failed to differentiate between tasks

4

completed by Mr. Smith and those completed by his secretary.

The Court finds that Mr. Smith's work, including writing letters to insurance companies and medical providers, was necessary to Plaintiff's case. In addition, the Court finds that Mr. Smith's hourly rate of $175 per hour is reasonable. The Court, however, agrees with Plaintiff that Mr. Smith's documentation of his hours is lacking. Indeed, Mr. Smith acknowledges this point himself. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Therefore, the Court finds that 11 hours is a reasonable amount of time to complete the work demonstrated by the documentation submitted by Mr. Smith. Accordingly, the Court will award Mr. Smith $1,925.

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Ronald A. Smith shall be compensated in the amount of $1,925 for the services he provided in connection with Plaintiff's case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 26TH day of February, 2010.

JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF

Ronald A. Smith
1617 John F. Kennedy Boulevard
Suite 355
Philadelphia, PA  19103